GALLUP et al. *v.* WILDER et al.

PRACTICE — *declaration must be filed before judgment.* It is error to take judgment without a declaration on file in the cause.

*Error to Probate Court, Fremont County.*

Messrs. CHARLES & ELBERT, for plaintiff in error.

Per CURIAM. On the 13th day of July, 1867, the plaintiff below sued out of the probate court of Fremont county a summons against the defendants below, which summons was made returnable on the 5th day of August, 1867. It was served the day it was issued on Gallup and Lothrop. On the 11th day of February, 1868, the defendants, Gallup and Lothrop, were defaulted and judgment entered up against them for the sum of $1,200. The record states that after the default was entered evidence was thereupon introduced by the plaintiffs, and thereupon the court ordered that the plaintiffs recover from the defendants the sum of $1,200, etc., etc.

On the 23d day of June, 1868, and after the proceedings above were had, the plaintiffs filed their declaration. This course of procedure cannot be tolerated. The filing of the declaration after the default and judgment were had would not cure the want of authority nor remove the defects that existed. *Rankin* v. *Crowell*, Miner, 125.

There are other errors in the record but it is unnecessary to allude to them.

The cause is reversed and remanded, with costs.

*Reversed.*